DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

AT NOVEMBER TERM, 1861.

---

### NATHAN ALLEN vs. JOHN M. STEVENS.

1. To maintain an action brought to recover a penalty for leaving open a swinging gate across a private or by-road, the plaintiff must prove that the way in question is a private road, laid out or made such in the manner prescribed by statute.

2. An act giving a penalty should not be extended beyond its words.

3. There is a clear distinction between a private or by-road and a private way; in the former the public have an interest, in the latter they have not; and the 13th section of the act concerning roads, (*Nix. Dig.*,) which provides for erecting swinging gates across a private or by-road, does not extend to a private way.

4. To an action brought to recover a penalty for leaving open a swinging gate across a private or by-road, the defendant cannot set up the defence that he had a private way where the road in question is laid.

---

In error to Supreme Court.

*J. V. Voorhees* and *Bradley*, for plaintiff in error.

*Beasley*, for defendant.

Allen v. Stevens.

The opinion of the court was delivered by

The CHIEF JUSTICE.   Two questions are presented for decision in this case.

1. Are the pleas, or either of them, an answer to the plaintiff's action?

2. Does the 13th section of the act entitled an act concerning roads extend to a private way?

The plaintiff's action was debt for the penalty of two dollars, provided by that section for leaving open a swinging gate placed by the plaintiff across a private road passing through his premises, which the defendant used. The act authorizes the gate to be placed across a private or by-road.

To maintain this action, the plaintiff would, on the trial, be required to prove strictly that the way in question was at the place where the gate was placed a private road, laid out in one of the two modes prescribed in the act concerning roads, either by surveyors appointed by the Court of Common Pleas, on proper application, or that, being a by-road, it became a private road by proceedings had under the 19th section of the act, (*Nix. Dig.* 705.)

This is a penal action, and the act giving the penalty is, by the established rule of construction, not to be extended beyond its words, especially when they have a well-settled technical meaning.

The act extends only by its terms to private or by-roads.

A private road cannot exist in this state unless it be laid out in one of the modes already mentioned.   That is the precise meaning of the term.

There is a plain and substantial distinction between a private way and a private road.

A private way is an incorporeal hereditament, and as such the subject of private property.   It cannot exist unless as private property.   It has all the attributes of private property.   It may be created or extinguished by the acts of the owners of the servient or dominant

tenement as private individuals. With it and in it the public authorities have nothing to do, either in its creation or extinction, unless to take it under the constitution for public uses.

A private road is public in its character and uses. Land may be taken for it because it is for public use.

Every citizen has the same right to travel over it, subject to this statutory right of the landholder, as over a public highway. It is called private because the public are not bound to keep it in repair. That obligation rests upon the applicants and those who commonly use it.

It cannot be presumed that the legislature, in the use of the term "private road," intended to disregard so plain a distinction, if indeed it had any power to abridge for mere private convenience a private right resting in contract. I do not mean to say that the legislature might not by legislation, to operate prospectively, annex the right to swing gates as an inseparable incident to every grant of a private way. Until that is done, private ways cannot be subjected to that restriction. The owner is entitled to enjoy his way unobstructed, if that be the terms of his grant.

The court below disregarded this plain distinction, and declared that private ways were within the act because within the mischief. In this there was error. It is manifestly competent for the legislature to restrict a public right acquired by due proceedings, even against the will of the landholder, for the benefit of the landholder whose land is condemned for public uses.

It seems equally manifest that a mere private right in which the public have no concern should not be abridged for private benefit. Parties should be left to make their own contracts, unless a manifest public policy be contravened.

We have considered the point upon which the defendant sought by his pleading to rest his defence, that the way in question was a private way, and not a public way under the name of a private road.

If it was not a private road, it is immaterial whether it was a private way or not, as we have already seen.

The allegation on which the plaintiff's case rests is that it was a private road. Instead of resting his defence on a simple denial of that one allegation, or the plea of *nil debet*, which he might have pleaded, the defendant has apparently proceeded on the idea that he must justify an apparent trespass by showing a right to leave the gate open.

This was a mistake. The action was for a penalty for an infraction of a penal law, general in its terms and imposing its penalty upon any person who should violate its plain prohibition, whether a landholder or not, or even a citizen of this state. If the road was a private road, so that any person might under any circumstances be liable to the penalty, everybody would be so liable. Nobody can lawfully plead a title or right to break that law.

It was not necessary to the defence in the court for the trial of small causes to plead a title to a private way as a justification—no justification was needed. Proof that the defendant had a way by grant from the plaintiff, or those under whom he held, could not disprove the creation of a private road in the mode prescribed by the legislature, and so long as that private road remained such there could be no private way distinct from it. The public right, being the greater, includes and merges the less during the period of its existence. There could be no lawful private road in that place, unless all private rights inconsistent with it had been taken, and compensation made therefor. And if the private right was not inconsistent with the existence of the statutory private road, it was no defence to the action.

The defendant has set up this defence of a private way at the place where the gate stood by two pleas, in the form of special traverses of the allegation in the declaration, that the place where, &c., was a private road. To these special traverses the plaintiff has demurred. If both

are bad the plaintiff must have judgment that he recover his debt. The *absque hoos* of these traverses are mere formal denials of the allegations that there was a private road at the place in question.

A special traverse is a mode of spreading upon the record and submitting to the judgment of the court a defence, consisting sometimes of new matter not appearing by the preceding pleading, which operates as an indirect denial of some fact or facts on which the case made by the preceding pleading depends; and although the matter pleaded by way of inducement does not directly answer the preceding pleading, for which purpose the *absque hoc* clause is necessary to form the perfect issue, yet it is a fundamental rule that the inducement should be such as in itself amounts to a sufficient answer in substance to the last pleading. *Bac. Ab. H.* 1; *Com. Dig. Pl. G.* 20; 3 *Salk.* 353; *Dike* v. *Ricks, Cro. Car.* 336; *Stephens on Pl.* 183–4; *Gould's Pl.* 414.

If the matter stated in the inducement be no such answer, the other party may demur. The inducement is treated as the real plea for the purposes of judgment on the demurrer.

The inducements in these traverses are in the first plea a private way by prescription. That is not a good plea. The doctrine of prescription has never been adopted in New Jersey. It would be impossible to carry back a right to the period at which legal memory begins. This state was then uninhabited. *Ackerman* v. *Skelp*, 3 *Halst. Rep:* 125.

The inducement of the second plea is of a private way by express grant. Proof of such a grant would not disprove the evidence required to show a private road; and, as we have already seen, this is fatal to the plea.

The demurrer is well taken, and there must be judgment for the plaintiff for want of an answer to the declaration.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—The CHANCELLOR, the CHIEF JUSTICE, and Judges ELMER, VREDENBURGH, COMBS, CORNELISON, KENNEDY, and WOOD.

*For reversal*—None.

CITED *in Sherman* v. *Buick,* 32 *Cal.* 255.